IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO CERTIFICATE
NO. 56458                                                                                             PLAINTIFFS

V.                                                                         CIVIL ACTION NO.: 4:16-cv-77-DMB-JMV

KEN GAILES, Individually and d/b/a
Washington County Country Club, and
DONALD LEE WASHINGTON                                                                         DEFENDANTS

## ORDER

This matter is before the court, *sua sponte*, to require the Plaintiffs in this action to amend their complaint to properly allege a basis for federal court jurisdiction, failing which the undersigned will recommend the case be dismissed without prejudice for lack of subject matter jurisdiction.

## Background

This is a declaratory judgment action by "Certain Underwriters" (otherwise called "Names") of Lloyd's, London subscribing to certificate no. 56458. Specifically, the Plaintiffs seek a declaration of this court that they have lawfully rescinded the subject Lloyd's policy pursuant to which the Defendants were insureds. However, as discussed below, diversity jurisdiction pursuant to 28 U.S.C. § 1332, upon which Plaintiffs purport to found jurisdiction in this case, has not been distinctly and affirmatively alleged in the complaint in accordance with *Oteeva, LP v. X-Concepts LLC*, 253 F. App'x 349, 350-51 (5th Cir. 2007) ("For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties."). Consequently, as it stands, this court is without jurisdiction to hear this matter.

**The Complaint**

The complaint for declaratory action in this case states, as concerns who the parties are and what the basis for jurisdiction is, as follows:

Parties

> 2. Underwriters are non-resident eligible surplus lines insurance underwriters properly conducting business in the State of Mississippi. Underwriters' principal places of business are in London England.
> 3. Defendant Ken Gailes . . . is an adult resident citizen of Mississippi . . .
> 4. Defendant Donald Lee Washington is an adult resident citizen of Mississippi . . .

Jurisdiction and Venue

> 5. This court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 as the parties are citizens of different states with the amount in controversy exceeding $75,000.00, exclusive of interest and costs.
>
> 6. The diversity of citizenship requirement is met because Underwriters are a [sic] non-residents, while all defendants in this action are residents of the State of Mississippi.
>
> 7. The amount in controversy is met because Underwriters, as the insurer, face potential liability in excess of $75,000.00, exclusive of interest and costs.

Compl. at 1-2.

**Lloyd's of London**

The Fifth Circuit has labeled the task of determining the citizenship of Lloyd's as the "Lloyd's citizenship conundrum." *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003). Fifth Circuit case law explains that "Lloyd's of London is not an insurance company but rather a self-regulating entity which operates and controls an insurance market." *Advanced Sleep Center, Inc. v. Certain Underwriters at Lloyd's London*, 2015 WL 4097069, at *2 (E.D. La. July 7, 2015) (quoting *Corfield*, 355 F.3d at 857). Lloyd's, London provides a market for the buying

and selling of insurance risk among its members, also known as "Names," who collectively make up Lloyd's. *See Corfield*, 355 F.3d at 858.

> The members or investors who collectively make up Lloyd's are called "Names" and are the individuals and corporations that finance the insurance market and ultimately insure risks. Each Name is exposed to personal liability for his, her or its proportionate share of the loss on a particular policy that the Name has subscribed to as an underwriter. Names do not operate independently; each is severally liable on the policies to which it subscribes, only for his, her or its proportion of each risk. Names are underwriters of Lloyd's insurance and they invest in a percentage of the policy risk in the hope of making return on their investment. Each Name is exposed to unlimited personal liability for his proportionate share of the loss on a particular policy that the Name has subscribed to as an underwriter. Typically hundreds of Names will subscribe to a single policy, and the liability among the Names is several, not joint.
>
> Most Names or investors do not actively participate in the insurance market on a day to day basis. Rather, the business of insuring risk at Lloyd's is carried on by groups of Names called "Syndicates." In order to increase the efficiency of underwriting risks, a group of Names will, for a given operating year, form a "Syndicate" which will in turn subscribe to policies on behalf of all Names in the Syndicate. A typical Lloyd's policy has multiple Syndicates which collectively are responsible for 100 percent of the coverage provided by a policy. The Syndicates themselves have been said to have no independent legal identity. Thus, a Syndicate is a creature of administrative convenience through which individual investors can subscribe to a Lloyd's policy. A Syndicate bears no liability for the risk on a Lloyd's policy. Rather, all liability is born by the individual Names who belong to the various Syndicates that have subscribed to a policy.
>
> In practice, since many Names through their respective Syndicates are liable on a Lloyd's policy, the active underwriter from *one* of the underwriting Syndicates is designated as the representative of *all* the Names on the policy. This single underwriter, called the "lead" underwriter on the policy, is usually the only Name disclosed on the policy with all other Names remaining anonymous. The lead underwriter is typically the first to subscribe to the policy and typically assumes the greatest amount of risk. The Lloyd's corporate entity maintains records on the identity and last known residence of Names insuring risk in the Lloyd's market. That information is kept strictly confidential.

*Corfield*, 355 F.3d at 857-59.

## **Analysis**

### A. Complete Diversity

On or about Thursday, April 21, 2016, the court, acting *sua sponte*, requested the Plaintiffs to provide the court with authority to support the assertion that this court has subject matter jurisdiction over this case. In response, the Plaintiffs implied – though fell short of actually asserting – that only the citizenship of the "lead" underwriter associated with the subject policy need be examined for the diversity analysis. The Plaintiffs allege that the lead underwriter, QBE, is a citizen of London, England. Moreover, Plaintiffs assert that even if the citizenship of all of the Names associated with the policy must be examined to establish diversity, jurisdiction is proper in this court. The Plaintiffs reach their conclusion because an employee of the lead underwriter among these Plaintiffs, Owen Ludbrook, has provided an affidavit stating that the lead underwriter, QBE, has "conducted a search that revealed no residents of Mississippi in any underwriting syndicate associated with this policy." Declaration of Owen Ludbrook, Ex. 1 at [5]. The undersigned respectfully disagrees with Plaintiffs that reliance on either of the above positions adequately establishes diversity jurisdiction in this case.

First, Plaintiffs cite no authority for the position that only the citizenship of a "lead" underwriter is relevant for the diversity jurisdiction analysis. (Notably, the subject complaint [1] did not actually allege the existence of such a party.) This court is aware of no such controlling authority in the Fifth Circuit. "The sole case claiming that only the citizenship of the head underwriter is taken into account when it is sued in its representative capacity is *Certain Interested Underwriters at Lloyd's, London, England v. Layne,* 26 F.3d 39, 43-44 (6th Cir. 1994)." *Johnson v. Certain Underwriters at Lloyd's London*, 2009 WL 3232006, at *3 (E.D. La. Oct. 2, 2009).

To the contrary, though the Fifth Circuit itself has not yet addressed the issue, many district courts within the circuit have, expressly holding that the diverse citizenship of each of the underwriters or "Names" must be affirmatively alleged in the complaint in order to establish diversity jurisdiction. *Johnson*, 2009 WL 3232006, at *3 (holding that "federal courts across the nation have agreed . . . that when determining the diversity of citizenship of the parties in a case involving [Lloyd's], all the 'names' must be taken into consideration"); *see also Advanced Sleep Center, Inc.*, 2015 WL 4097069, at *2 (holding that "the names are the 'real' parties to this action, and their citizenship must be distinctly and affirmatively set forth or established by proof"). Indeed Lloyd's has itself advanced this position in litigation to establish an absence of federal court jurisdiction in other cases. *See Rips, LLC, d/b/a Seafood Haven v. Underwriters at Lloyd's London*, 2015 WL 2452339, at *3 (E.D. La. May 21, 2015) ("Lloyd's argues that Seafood Heaven must establish that all individual Names or Members are diverse from all adverse parties."). "The only time this reasoning does not explicitly apply in the Fifth Circuit is when a 'name' sues, or is sued, in its individual, rather than its representative capacity." *Johnson*, 2009 WL 3232006, at *3 (citing *Corfield,* 355 F.3d at 854).

In apparent recognition of this requirement, Plaintiffs argue that jurisdiction is established here because the lead underwriter "has conducted a search that revealed no residents of Mississippi in any underwriting syndicate associated with this policy." Declaration of Owen Ludbrook, Ex. 1 at [5]. As is explained in a number of decisions from the Fifth Circuit, this vague reference to the citizenship of the Plaintiffs is not a sufficient basis on which to found federal jurisdiction. *See Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (holding that allegation that defendant was not citizen of particular states did not establish citizenship for diversity purposes and that the rule that citizenship must be distinctly

5

and affirmatively alleged requires "strict adherence"); *see also Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir. 1983) ("The basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference.").

B. **Jurisdictional Minimum**

The second issue that the court must consider is whether or not the jurisdictional minimum of $75,000.00 must be met as to each "Name." In a 2015 case from the Eastern District of Louisiana, *Rips, LLC*, 2015 WL 2452339, at *2, Lloyd's of London asserted that the jurisdictional minimum must be met as to each "Name." The court in *Rips, LLC,* reviewed a number of cases from inside and outside of the Fifth Circuit in order to reach its conclusion that that the jurisdictional minimum must be met as to each "Name." The court's thorough analysis is included below:

> However, a number of cases from this Court as well as a Fifth Circuit opinion affirm Lloyd's assertion that the $75,000 minimum must be met against each individual Name. In *G & M Holding, Inc. v. Certain Underwriters at Lloyd's of London,* the court granted dismissal both because the plaintiff had failed to assert facts to indicate that "the amount in controversy is met as to all Names sued under the policy" and because at least one Name was non-diverse. Civ. A. No. 07–4883, 2008 WL 215842, *2 (E.D.La. Jan. 23, 2008). In *McAuslin v. Grinnell Corp.,* Judge Vance likewise found that jurisdiction was lacking both because several Names were non-diverse, and because "all but one of the Names lack[ed] the requisite amount in controversy." Civ. A. No. 97–803, 2000 WL 1059850, *4 (E.D.La. Aug. 1, 2000). In *Team One Properties, LLC v. Certain Underwriters at Lloyd's, London,* the Court dismissed the action because the total amount in controversy against *all* Names was only $47,594.37, not because the $75,000 minimum was not met as to each Name. However, the opinion referenced Judge Vance's holding in *McAuslin* as guidance. Civ. A. No. 07–4493, 2007 WL 4365392, *4 (E.D.La. Dec. 10, 2007). The Fifth Circuit upheld the ruling, stating that the "district court found that Team One did not demonstrate that the amount in controversy against *any* completely diverse underwriter was in excess of the jurisdictional $75,000 exclusive of interest and costs." *Team One Properties LLC v. Certain Underwriters at Lloyds London,* 281 Fed.Appx. 323, *1 (5th Cir.2008).

6

> *3 Moreover, courts in other jurisdictions have held that the jurisdictional minimum must be satisfied as to each individual Name. In *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* the Second Circuit held that because the Names were severally liable under the insurance policy in question, their liability could not be aggregated to meet the jurisdictional minimum. 160 F.3d 925, 933 (2nd Cir. 1998). In *Chase Manhattan Bank, N.A. v. Aldridge,* the district court for the Southern District of New York found that though the complaint alleged a loss of $1,227,839.17, the amount in controversy with respect to the individual defendants named in the action was only $1,851.57, and thus failed to meet the jurisdictional amount requirement. 906 F.Supp. 870, 874 (S.D.N.Y. 1995). Although that case is not controlling law for this Court, its reasoning for arriving at this conclusion is sound. Applying the holding of a Fifth Circuit case, the district court stated that the amounts claimed against each Name could not be aggregated because "when liability among defendants is several, a plaintiff cannot aggregate its claims against individual defendants in order to satisfy the jurisdictional amount.... It must satisfy the jurisdictional amount with respect to each defendant." *Id.* (citing *Dendinger v. Maryland Casualty Co.,* 302 F.2d 850, 851 (5th Cir. 1962)).
>
> Given the holdings discussed above, the Court finds that Seafood Heaven may not aggregate its claims against individual Names, and therefore must plead that the $75,000 jurisdictional amount is met for *each* Name.

*Rips, LLC*, 2015 WL 2452339, at *2-3.

The undersigned finds the reasoning in *Rips, LLC,* to be meritorious. *See also Advanced Sleep Center, Inc.*, 2015 WL 4097069, at *3 (holding that "the amount-in-controversy requirement must be met as to each Name"). Accordingly, in order to satisfy the jurisdictional requirements, the Plaintiffs must show that the jurisdictional minimum of $75,000.00 has been satisfied as to each "Name."

**<u>Conclusion</u>**

In sum, the complaint must distinctly and affirmatively allege the citizenship of each of the Plaintiffs (here, the "Names"). The complaint must also allege that the amount in controversy requirement is met as to each "Name." Accordingly, the undersigned will recommend dismissal of this action without prejudice absent the filing, within fourteen (14) days

hereof, of an amended complaint properly identifying a basis for federal court jurisdiction in this case.

**SO ORDERED** this, the 26th day of May, 2016.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**